IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | : | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | : | |
| | : | Civil No. 01-4217 (JBS) |
| v. | : | |
| ROYAL FURGESON, et al., | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**SIMANDLE**, Chief Judge:

This matter is before the court on _pro se_ Plaintiff Keith Russell Judd's motion to reopen his case, which was closed in 2001. [Docket Item 77.] Plaintiff has filed numerous motions to reopen since 2001, the most recent of which was denied in a June 28, 2012 Order [Docket Item 76]. The present motion is governed by Rule 60 of the Federal Rules of Civil Procedure because it seeks to vacate a dismissal order and reopen the matter. Although Plaintiff does not explicitly cite Rule 60, he does "request leave of this court to file this motion to reopen [his] fees paid case." (Pl. Mot. for Leave to File and Reopen this Fees Paid Case ("Pl. Mot. to Reopen"), at 1.)

Additionally, Plaintiff argues that his payment was not received due to a clerical error and that his Fifth Amendment and Seventh Amendment rights have been violated. Plaintiff also seeks to set aside the June 28, 2012 order in which the Court

declined to reopen the case.  For the reasons stated below, the
Court will grant Plaintiff leave to file the instant motion;
however, the Court will deny Plaintiff's motion to set aside the
June 28, 2012 order and reopen his case as the requirements of
Rule 60 have not been satisfied.  THE COURT FINDS AS FOLLOWS:

1.   In this action, Plaintiff brought a claim against
Defendant Royal Furgeson, a United States District Judge,
alleging a civil rights violation stemming from Judge Furgeson's
denial of Plaintiff's bail.  Plaintiff filed his complaint with
an application to proceed in forma pauperis on September 5, 2001.
The Court denied Plaintiff leave to proceed in forma pauperis via
application of the "three strikes" rule against the Plaintiff.
The three strikes rule bars prisoners from filing in forma
pauperis after they have filed three frivolous motions in forma
pauperis.  See Judd v. Furgeson, 239 F. Supp. 2d 442, 443 (D.N.J.
2002) ("Plaintiff Keith Russell Judd . . . is a federal prisoner
. . . [and] had at least three prior civil actions dismissed as
frivolous or for failure to state a claim, and Judd therefore
could not be granted in forma pauperis status pursuant to 28
U.S.C. § 1915(g)."). Therefore, the court directed the Plaintiff
to pay the filing fee within thirty days or his complaint would
be deemed withdrawn.

2.   On October 17, 2001 the Plaintiff appealed this court's

2

denial of his application to proceed in forma pauperis.  The
Third Circuit dismissed Plaintiff's appeal for failure to timely
prosecute the matter in January 7, 2002.  [Docket Item 11.]

    3.   The Plaintiff made the only payment toward his filing
fee in 2007, submitting a partial payment of $150.00. [Docket
Item 62.]  In 2001, when the court initially denied the
Plaintiff's application to proceed in forma pauperis, the court's
filing fee was $150.  Plaintiff did not pay any portion of the
filing fee that year.  The filing fee statute, 28 U.S.C. 1914,
was amended twice, and in February 2006 the fee was raised to its
current rate of $350 for any party instituting a civil action in
the district court, with the exception of an application for a
writ of habeas corpus.  See 28 U.S.C. § 1914(a). Therefore, in
2007 when the Plaintiff paid $150 towards the filing fee, the
filing fee was $350 and his payment of $150 was insufficient. The
Plaintiff has failed to pay the entire filing fee and is barred
from filing in forma pauperis under the three strikes provision
of 28 U.S.C. § 1915(g). No statutory or equitable principle
requires the court to hold open the docket or extend the
Plaintiff leniency toward amounts owed.

    4.   Over the past decade, the Plaintiff filed numerous
appeals with the Third Circuit challenging the Court's decision
requiring the Plaintiff to pay the filing fee.  [Docket Items 2,

3

9, 20, 32, 45, 58, 67.]  The Third Circuit dismissed Plaintiff's appeals for failure to prosecute, lack of jurisdiction, and failure to pay docketing fees.  [Docket Items 11, 19, 40, 42, 46, 47, 50, 61.]

5.    On July 06, 2010, the Plaintiff filed a motion seeking to reopen his case pursuant to Rule 60(a).  [Docket Item 73.] The Plaintiff maintained that his filing fee had been paid and that he was entitled to "judicial services" paid for. Plaintiff argued that his complaint for denial of bail is sufficient to proceed on the merits.  Additionally, Plaintiff cited <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) for the proposition that a <u>pro</u> <u>se</u> complaint should be liberally construed.  The court denied the motion to reopen and Plaintiff's case remained closed on the docket.  [Docket Item 74.]

6.    The Plaintiff then filed a motion for leave to appeal in forma pauperis and a motion for a refund of the $150 which was paid toward his filing fee. [Docket Item 75.]  The Court denied both motions [Docket Item 76] and the Plaintiff's case remained closed on the docket.

7.    Now the Plaintiff has filed the instant motion seeking to reopen his case.  The motion to reopen specifically concerns the "fees paid case." (Pl. Mot. to Reopen at 1.) [Docket Item 77.]  While Plaintiff does not explicitly cite Rule 60, motions

4

to reopen are within the ambit of Rule 60 and Plaintiff's motion
will be analyzed under Rule 60.

    8.   Fed. R. Civ. P. 60 provides:

    (a) Corrections Based on Clerical Mistakes;
Oversights and Omissions. The court may
correct a clerical mistake or a mistake
arising from oversight or omission whenever
one is found in a judgment, order, or other
part of the record. The court may do so on
motion or on its own, with or without notice.
But after an appeal has been docketed in the
appellate court and while it is pending, such
a mistake may be corrected only with the
appellate court's leave.

    (b) Grounds for Relief from a Final Judgment,
Order, or Proceeding. On motion and just
terms, the court may relieve a party or its
legal representative from a final judgment,
order, or proceeding for the following
reasons:
        (1) mistake, inadvertence, surprise, or
        excusable neglect;
        (2) newly discovered evidence that, with
        reasonable diligence, could not have been
        discovered in time to move for a new trial
        under Rule 59(b);
        (3)  fraud (whether previously called
        intrinsic or extrinsic),
        misrepresentation, or misconduct by an
        opposing party;
        (4) the judgment is void;
        (5) the judgment has been satisfied,
        released, or discharged; it is based on an
        earlier judgment that has been reversed or
        vacated; or applying it prospectively is no
        longer equitable; or
        (6) any other reason that justifies relief.

    (c) Timing and Effect of the Motion.
        (1) Timing. A motion under Rule 60(b) must be made
        within a reasonable time--and for reasons (1),

5

(2), and (3) no more than a year after the entry
of the judgment or order or the date of the
proceeding.
(2) Effect on Finality. The motion does not affect
the judgment's finality or suspend its operation.

9.   The Court will now review each subsection of Rule 60
and explain why it does not apply.  In the instant matter, the
Plaintiff avers that "due to a clerical error, the clerk of this
Court did not receive the full $150 district court filing fee."
(Pl. Mot. to Reopen at 1.) However, the issue is not whether the
payment was received, but rather, whether it was sufficient.  As
reflected in 28 U.S.C. § 1914, last amended in February 2006, the
filing fee at the time the Plaintiff submitted the $150 payment
was $350.  Thus, Plaintiff still has not paid the required filing
fee and his partial payment was more than five years late. Also,
though Plaintiff does allege there was clerical error, he does
not say what the alleged clerical error was, and the court sees
no indication that there was any such error.  Further, he does
not allege that there was a clerical mistake or error in the
order of the court denying the motion for refund of filing fees.
Therefore, Rule 60(a) is inapplicable because there was no
clerical error.

10.  Concerning Rule 60(b)(1), (2), and (3), the Plaintiff
has not alleged any proof of mistake, inexcusable neglect, newly

discovered evidence or fraud which would authorize the court to reopen the matter.  Consequently, Rule 60(b)(1), (2), and (3) do not apply.

11.  Further, the Plaintiff has not alleged that the court's judgment is void, and therefore the Plaintiff cannot meet the requirements of Rule 60(b)(4).

12.  Regarding Rule 60(b)(5), the Plaintiff argues that he has paid the entire filing fee and therefore is entitled to a refund of monies paid.  This argument rests on the Plaintiff's contention that he satisfied the previous order of this court. As noted above, the Plaintiff never paid the full $350 filing fee and failed to comply with the timing requirements of the order dated October 02, 2001.  Even if Plaintiff had fully paid, he would not be entitled to a refund because the payment did not comply with the order. Therefore, as previously stipulated in an order of this court dated July 25, 2012, which explained why a similar argument by Plaintiff relating to a late filing payment was without merit, Plaintiff's argument that he has satisfied the order of the court is without merit and Rule 60(b)(5) is inapplicable. See Judd v. FCI – Fort Dix., 2012 U.S. Dist. LEXIS 104096 (D.N.J. 2012)

13.  Furthermore, if Plaintiff wished to pursue this case against Judge Furgeson on a fee-paid basis, he had ample time to

7

do so but failed to pay the filing fee.  Plaintiff was on notice

in 2001 that he must pay the filing fee.  He did nothing.

Congress raised the filing fee twice in the meantime, finally to

$350 in February 2006 as explained above.  Still Plaintiff did

nothing.  Finally, in 2007, Plaintiff sent a partial filing fee

of $150 and he has never made a full payment.  Waiting six years

to tender a partial filing fee is unreasonable and cannot serve

to preserve any rights to reopen a case under Rule 60, as

discussed above.  Until Plaintiff finally abandons his efforts to

reopen this case by withdrawing it with prejudice, he cannot hope

to receive a refund of his $150.00 partial fee.

14.  Plaintiff argues the Supreme Court's decision in

Erickson v. Pardus, 551 U.S. 89 (2007), warrants reinstatement of

his case under Rule 60(b)(6).  The Erickson case, however, did

not concern the application of the three strikes rule and did not

provide a new basis for evaluating pro se pleadings.  Instead,

the Erickson case supported the notion delineated in Haines v.

Kerner, 404 U.S. 519 (1972), that a pro se complaint should be

liberally construed.  However, this issue is not before the

court.  The issue here is payment of fees; not liberal

construction of allegations in a complaint.  Therefore, since

there has been no change in applicable law with regard to the

three strikes rule or refunds, Rule 60(b)(6) does not apply.

8

Plaintiff's case will not be reopened.

15.  Plaintiff cites the Fifth Amendment of the United States Constitution, stating that, "no person shall be deprived of life, liberty or property, without due process of law, nor shall private property be taken for public use, without just compensation." The question presented here is whether the Plaintiff can reopen a previous matter, and the Plaintiff's complaint does not meet the criteria specified in Fed. R. Civ. P. 60. By denying Plaintiff's motion for a refund, this Court is not taking Plaintiff's money; he chose to submit an insufficient payment well after the full payment was due.  There has been no violation of due process.  Similarly, there is no due process argument for lack of access to the courts.  His access could have been secured by timely payment of the filing fee, which he did not do.  Because Plaintiff's prior abuse of the privilege of filing in forma pauperis, he has created this dilemma for himself.  The "three strikes rule" only bars the Plaintiff from filing non-emergent in forma pauperis complaints.  Plaintiff's motion lacks merit; filing fees do not entitle plaintiffs to an affirmative outcome. Plaintiff has exhausted his three strikes and can no longer file in forma pauperis.  Further, Plaintiff was provided with sufficient notice that his payment was deficient and he had already exhausted his "three strikes."

9

16.   Additionally, the Plaintiff argues that the Seventh
Amendment, "where the value in controversy should exceed twenty
dollars, the right of a trial by jury shall be preserved," is
applicable here. (Pl. Mot. to Reopen at 2 (Citing Houston v.
Lack, 487 U.S. 266 (1988) in support of this notion).) However,
Houston concerns the timeliness of notices of appeals and
therefore does not apply here. Houston holds that notices of
appeals by pro se prisoners are to be considered filed at the
moment such notices are delivered to prison authorities for
forwarding to the court clerk.  Here, petitioner filed a
complaint alleging a civil rights violation and was approximately
five years late in making a payment, not a motion or appeal.
While the Seventh Amendment does provide the right to a jury
trial, it does not extend that right to frivolous complaints or
cases without merit.  Here, the motion lacks merit on its face
and Plaintiff is not entitled to a jury trial.  See Judd v.
Furgeson, 239 F. Supp. 2d 442 (D.N.J. 2002).

17.   The Plaintiff has filed hundreds of frivolous or
meritless complaints in federal district courts and appeals
courts throughout the nation.  In 1999, the Supreme Court of the
United States denied the Plaintiff from proceeding in forma
pauperis because the "request was frivolous pursuant to Supreme
Court Rule 39.9," and Judd had previously, "filed six petitions

for certiorari, all of which were both frivolous and had been denied without recorded dissent." See Judd v. United States District Court, et al., 528 U.S. 5, 5 (1999). The Supreme Court also imposed prospective limitations on the Plaintiff's ability to file petitions for certiorari in civil matters. Id.

18. If Plaintiff files a new complaint alleging that he is "under imminent danger of serious physical injury" and provides evidence of such danger, he may move forward in forma pauperis pursuant to 28 U.S.C. § 1915(g). Otherwise, the Plaintiff must pay the entire filing fee in advance to file a civil complaint.

19. If Plaintiff finally abandons this suit, rather than filing an unceasing series of appeals, motions for reconsideration, motions to reopen and the like, then he may apply for refund of his belated partial filing fee. As long as he continues to assert that his partial fee, paid six years late, is sufficient, he continues to place it into dispute and it cannot be refunded.

20. Plaintiff's Motion to Reopen [Docket Item 77] is denied, and the accompanying Order will be entered.


**November 5, 2012**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge


11